Unula Boo-Shawn Abebe, #285447 ) C/A No. 2:09-3131-MBS-RSC
*former #84613*, )
)
)
Plaintiff, )
) Report and Recommendation
vs. )
)
Matthew J. Perry Jr., )
)
Defendant(s).

Plaintiff, a state prisoner proceeding *pro se*, files this civil suit against Senior United States District Judge Matthew J. Perry, Jr. (defendant) pursuant to 42 U.S.C. § 1983. Plaintiff alleges the defendant, who presided over plaintiff's federal criminal trial, violated plaintiff's civil rights, and engaged in judicial misconduct, obstruction of justice, civil conspiracy, slander, and "abuse of rights." Plaintiff seeks damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints

are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Insofar as the plaintiff's subsequent conviction and related federal court proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state

> prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, supra. *See also Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(per curium)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004).

Additionally, the defendant is absolutely immune from a claim for damages arising out of his judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages

actions as a means of controlling unconstitutional conduct); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Also relevant in this case is statutory law relating to judicial complaints filed against United States Circuit Judges, United States District Judges, and United States Magistrate Judges. A judicial complaint is not the proper mechanism where the subject of the judicial complaint is, or can be, the subject of an appeal or of objections in a case. *See* 28 U.S.C. § 372(c)(3)(A), which authorizes the Chief Judge of a circuit to dismiss a judicial complaint where it is directly related to the merits of a decision or a procedural ruling. See *In Re Evans*, 801 F.2d 703, 705-708 (4th Cir. 1986); and *In Re Sassower*, 20 F.3d 42 (Judicial Council of 2nd Cir. 1994). *Cf. In Re Beard*, 811 F.2d 818, 826-827 (4th Cir. 1987)(petition for a writ of mandamus not a substitute for an appeal); *In Re United Steelworkers of America*, 595 F.2d 958, 960 (4th Cir. 1979); and *Queen v. Leeke*, 457 F. Supp. 476, 479 (D.S.C. 1978).

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.\* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir.

1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra,* 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

It is further recommended that the dismissal of this case be deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* As discussed above under *Heck v. Humphrey,* 512 U.S. 477 (1994), a prisoner must show that his conviction or sentence has been reversed or vacated before he or she can recover in tort for the unlawful conviction or sentence. Where, as here, the conviction or sentence has not been overturned, the inmate's constitutional tort action under § 1983 must be dismissed. Several courts have held that a dismissal under *Heck* constitutes a strike under 28 U.S.C. § 1915(e)(2) and (g). See *Sandles v. Randa,* 945 F. Supp. 169 (E.D. Wis. 1996); *Sanders v. DeTella,* 1997 WL 126866 (N.D. Ill. 1997) (unpublished); and *Grant v. Sotelo,* 1998 WL 740826 (N.D. Tex. 1998)(unpublished).[1] See

---

[1] In *Grant,* the court recognized that "the question may be raised whether a cause dismissed pursuant to *Heck* considerations should be considered for purposes of computing the three strikes..." but followed the decisions of *Sandles* and *Sanders.*

Also, *Adepegba v. Hammons*, 103 F. 3d 383, 384 (5th Cir. 1996)(noting that district court dismissed a claim as frivolous under *Heck* and declining to address the propriety of the district court's dismissal because plaintiff had not exhausted his appeal) and *Okoro v. Bohman*, 164 F. 3d 1059, 1061 (7th Cir. 1999)(commenting that previous case dismissed as frivolous under *Heck*). Thus, the undersigned concludes that this action is frivolous under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a strike under this statute.

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Date 12/23/09
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).