IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Unula Boo-Shawn Abebe, #285447, former #84613, | ) ) ) | C/A No. 2:09-3131-MBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| Matthew J. Perry, Jr., | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Unula Boo-Shawn Abebe is an inmate currently in the custody of the South Carolina Department of Corrections (SCDC). He currently is housed at Lee Correctional Institution in Bishopville, South Carolina. Plaintiff, proceeding pro se, brings this action against Defendant Matthew J. Perry, Jr., a federal district judge. Judge Perry presided over a criminal case brought against Plaintiff in federal court. See United States v. Abebe, 3:09-cr-0251.[1] Plaintiff contends that Judge Perry violated his constitutional rights in various respects during the trial proceedings. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A. On December 29, 2009, the Magistrate Judge filed a Report and Recommendation in which he noted that (1) the within action is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and (2) Judge Perry is absolutely

---

[1] Plaintiff was sentenced to incarceration for a period of five years as to Counts One and Two of the indictment, to be served consecutively to each other and to the undischarged term of imprisonment Plaintiff currently is serving in SCDC.

immune from a claim for damages arising out of his judicial actions. Accordingly, the Magistrate Judge recommended that the within action be summarily dismissed. Plaintiff filed objections to the Report and Recommendation on January 8, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff disputes that Heck applies or that Judge Perry is entitled to judicial immunity. However, as the Magistrate Judge properly noted, Plaintiff's allegations that Judge Perry's conduct deprived Plaintiff of a fair and impartial trial call into question Plaintiff's conviction. To recover damages under § 1983 action in these circumstances, Plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486, 487. Plaintiff has offered no proof that his conviction or sentence have been reversed or otherwise called into question. Plaintiff's objection is without merit.

Moreover, contrary to Plaintiff's contentions, judges enjoy absolute judicial immunity from damages liability for judicial acts unless done in the absence of all jurisdiction. Everson v. Doughton, 267 F. App'x 229, 229 (4th Cir. 2008) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). The Court of Appeals for the Fourth Circuit has identified two factors for consideration: whether the function is one normally performed by a judge and whether the parties dealt with the

2

judge in his or her official capacity. Id. (citing King v. Myers, 973 F.2d 354, 357 (4th Cir. 1992)). There can be no dispute that Judge Perry possessed the authority to preside over Plaintiff's federal criminal proceedings, that Judge Perry performed the functions of a judge during the proceedings, and that Plaintiff dealt with Judge Perry in his official capacity. Judge Perry is immune from Plaintiff's action for damages arising out of the criminal proceedings. Plaintiff's objections are without merit.

* * *

On January 29, 2010, Plaintiff filed a "Second Party Complaint" (Entry 15). On February 3, 2010, Plaintiff filed a "Third Party Complaint" (Entry 16). On February 18, 2010, Plaintiff filed a "Fourth Party Complaint" (Entry 19). The court has construed Plaintiff's filings as motions to amend the complaint. Fed. R. Civ. P. 15(a) provides that a party may amend its pleading once as a matter of course. The court will **grant** Plaintiff's first motion to amend (Entry 15). Plaintiff's remaining motions to amend (Entries 16, 19) are **denied**.

Plaintiff alleges that Defendant S. Simon is a correctional officer in the mail room at Lee Correctional Institution. According to Plaintiff, Defendant Simon violated his constitutional rights by failing to mail Plaintiff's request to the Fourth Circuit for a judicial complaint form to report Judge Perry's alleged misconduct. It does not appear from Plaintiff's allegations that he has exhausted his administrative remedies with respect to Defendant Simon as required by 42 U.S.C. § 1997e(a). Accordingly, Plaintiff's claims against Defendant Simon are dismissed, without prejudice, to allow Plaintiff to exhaust his administrative remedies.

For the reasons set forth hereinabove, Plaintiff's motion for a more definite statement (Entry 12) and motion for declaratory judgment (Entry 13) also are **denied.** Plaintiff's complaint is dismissed without prejudice and without issuance and service of process. Plaintiff's complaint is deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 1, 2010.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**